# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | | |
| MENGYAO HU, | * | |
| | * | No. 19-327V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: September 7, 2021 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Decision dismissing case; |
| | * | order to show cause. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | | |

Renee Gentry, Vaccine Injury Clinic – George Washington Univ. Law School, Washington, D.C., for petitioner;
Jennifer Shah, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION[1]**

On March 1, 2019, Ms. Hu filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., alleging that she suffered from myofasciitis and other injuries as a result of the human papilloma virus vaccine ("HPV" or "Gardasil") vaccine she received on August 19, 2015. The information in the record, however, does not show entitlement to an award under the Program.

## I. Procedural History

On March 1, 2019, Ms. Hu filed her petition, alleging that she suffered from myofasciitis and other injuries as a result of the HPV vaccine she received on August 19, 2015. See Petition. Petitioner filed some initial medical records on

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

March 18, 2019.  Subsequently, she filed some more medical records as well as certified translated copies on September 10, 2019.

Respondent filed his Rule 4 report on April 20, 2020.  In this report, respondent stated that the medical records submitted do not establish that she suffered myofasciitis.  Resp't's Rep't at 7.  In addition, respondent questioned the temporal relationship as it appears that petitioner's joint pain began in November 2016, approximately 15 months after the vaccination.  Id., citing exhibit 3 at 2.  A status conference was held on April 27, 2020 to discuss respondent's report and the resulting order required Ms. Hu to file an onset/fact affidavit and answer specific narrative questions.  See order, filed Apr. 28, 2020.

Although Ms. Hu filed an affidavit on August 4, 2020, she did not answer the specific narrative questions and was re-ordered to complete those questions.  See order, filed Apr. 28, 2020.  Subsequently, Ms. Hu filed affidavits on August 4, 2020 and October 21, 2020.  Affidavits from her parents were filed November 6, 2021.  More translated medical records were filed on December 29, 2020.

On January 28, 2021, petitioner was ordered to file her expert report(s) by March 29, 2021.  In a May 24, 2021 motion for enlargement of time, petitioner's counsel represented that although she communicated with numerous potential experts, none were willing to testify.  Although given additional time to produce an expert report, petitioner did not.  Petitioner's counsel reported on June 24, 2021 that she has been unable to contact Ms. Hu for multiple months.

On June 30, 2021, a status conference was held to discuss whether Ms. Hu would file an expert report and next steps.  Petitioner's counsel stated she had not been able to contact Ms. Hu for a considerable period of time.  Petitioner's counsel described extensive unsuccessful efforts to communicate with Ms. Hu.

The same day, petitioner was ordered to show cause as to why her case should not be dismissed by July 30, 2021 and to file an expert report by August 30, 2021.  Counsel for Ms. Hu filed a status report on July 30, 2021, indicating that she has been unable to locate or contact Ms. Hu and thus would be unable to continue with this case.  Ms. Hu did not file an expert report.

## II.   Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case.  Sapharas v. Sec'y of Health &

Human Servs., 35 Fed. Cl. 503 (1996); <u>Tsekouras v. Sec'y of Health & Human Servs.</u>, 26 Cl. Ct. 439 (1992), <u>aff'd</u>, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); <u>see also</u> <u>Claude E. Atkins Enters., Inc. v. United States</u>, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); <u>Adkins v. United States</u>, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Hu suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion. Accordingly, it is clear from the record in this case that Ms. Hu has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

Ms. Hu's compliance with deadlines and other orders falls short of ideal and suggests she is not interested in pursuing her case. However, the dismissal of her case is not a sanction for misconduct or punishment for missing a deadline. The dismissal is a consequence of Ms. Hu's inattention to her case and the inadequacy of her evidence.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.** <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
